UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**DEDEVAION GRAY**                              **CIVIL ACTION NO. 20-0797**

                                                  **SECTION P**

**VS.**

                                                  **JUDGE TERRY A. DOUGHTY**

**3RD JUDICIAL DISTRICT COURT, ET AL.**      **MAG. JUDGE KAREN L. HAYES**

## REPORT AND RECOMMENDATION

Plaintiff Dedevaion Gray, a prisoner at Lincoln Parish Detention Center ("LPDC") proceeding pro se and in forma pauperis, filed this proceeding on approximately June 17, 2020, under 42 U.S.C. § 1983. He names the following defendants: "3rd District Court," Chief Felony Prosecutor Lewis A. Jones, Kia Richardson, District Attorney John F.K. Belton, and LPDC.[1] For reasons below, the Court should dismiss Plaintiff's claims.

### Background

Plaintiff claims that Prosecutor Lewis A. Jones and District Attorney John F.K. Belton falsely charged him by bill of information with attempted second-degree murder. [doc. # 1, p. 3]. Plaintiff alleges that he and another individual, Justin Jackson, engaged in the same underlying conduct—shooting at each other—yet Belton and Jones did not charge Jackson with attempted second-degree murder, instead charging him with only aggravated assault with a firearm and illegal use of a weapon. [doc. #s 1, p. 3; 1-2, p. 3]. Plaintiff adds that the difference in charges cannot be a result of Jackson claiming self-defense because Jackson was the aggressor. [doc. # 1-2, p. 1]. Plaintiff's charge is pending. [doc. # 7, p. 4].

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

Plaintiff similarly claims that Jones and Belton should not have charged him with attempted second-degree murder because the crime requires "a specific intent to kill," and in Plaintiff's case "no one go shot, no house, car or anything . . . ." [doc. # 7, p. 2].

Plaintiff claims that Belton maliciously prosecuted him because there is no file date on the bill of information. *Id.*

Plaintiff claims that his counsel, Kia Richardson, has rendered ineffective assistance. *Id.* at 2. He faults Richardson for failing to prepare for court, attend court, be present and focused, and provide general advice. [doc. # 7, p. 1].

Plaintiff seeks relief from LPDC, claiming that on February 25, 2019, "human wastewater got on" him, causing his arm to "break[] out." *Id.* at 3. He filed "a sick call with Vicky," who told him that he was "ok." *Id.*

Plaintiff seeks: (1) $150,000.00 from the 3rd Judicial District Court for false incarceration and denying his motion to reduce bond; (2) $150,000.00 from Lewis A. Jones for false incarceration and denying his motion to reduce bond; (3) $150,000.00 from Kia Richardson for "insufficient counsel"; (4) $150,000.00 from District Attorney Belton for malicious prosecution; (5) and $50,000.00 from LPDC. [doc. #s 1, p. 4; 1-2, p. 2].

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] See *Martin v. Scott,* 156 F.3d

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations

578, 579-80 (5th Cir. 1998) (*per curiam*).  Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless.  *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  Plausibility does not equate to possibility or probability; it lies somewhere in between.  *Id.*  Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

---

of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

3

*Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Prosecutorial Immunity**

Plaintiff claims that Chief Felony Prosecutor Lewis A. Jones and District Attorney John F.K. Belton falsely and maliciously charged him by bill of information with attempted second-degree murder. [doc. # 1, p. 3]. Plaintiff also faults Jones for his role in denying Plaintiff's motion to reduce bond. *Id.* at 2.

"Criminal prosecutors . . . enjoy absolute immunity from claims for damages asserted under [42 U.S.C.] § 1983 for actions taken in the presentation of the state's case." *Watson v. Walton*, 68 F.3d 465 (5th Cir. 1995). "[S]tate prosecutors are absolutely immune from § 1983 damages claims based on activities intimately associated with the judicial phase of the criminal process." *Singleton v. Cannizzaro*, 2020 WL 1922377, at *3 (5th Cir. Apr. 21, 2020).

The Court "distinguishes between (1) actions taken 'in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [the prosecutor's] role as an advocate for the State,' and (2) 'administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings.'" *Id.* (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). "[C]onduct protected by absolute immunity is not limited only to the act of initiati[ng judicial proceedings] itself and to conduct occurring in the courtroom, but instead includes all actions which occur in the course of [the prosecutor's] role as an advocate of the State." *Id.* (internal quotation marks and quoted sources omitted).

"Absolute immunity is not a rigid, formal doctrine, but attaches to the functions a prosecutor performs." *Moon v. City of El Paso*, 906 F.3d 352, 359 (5th Cir. 2018). The Fifth Circuit has consistently held that the decision of when and whether to file criminal charges clearly falls within the scope of a district attorney's prosecutorial duties protected by absolute

5

prosecutorial immunity. See *Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009); *Workman v. Calogero*, 174 Fed. App'x. 824, 826 (5th Cir. 2006).

Here, Jones and Belton are immune from Plaintiff's claim that they falsely and/or maliciously charged him. As above, the decision of when and whether to file criminal charges clearly falls within the scope of a district attorney's prosecutorial duties protected by absolute prosecutorial immunity.

Jones and Belton are also immune from Plaintiff's claim that they filed a bill of information lacking a filing date. See *Pugh v. Par. of St. Tammany*, 875 F.2d 436, 437 (5th Cir. 1989) (holding, where the plaintiff claimed that "the bill of information . . . was defective," that the district court correctly "concluded that the defendants are entitled to absolute prosecutorial immunity . . . ."); *Tubwell v. Dunn*, 12 F.3d 1097 (5th Cir. 1993) ("This immunity encompasses acts within the judicial phase of criminal proceedings, even if the prosecutor has acted . . . negligently.").

Finally, Jones is immune from Plaintiff's claim that he caused the trial court to deny Plaintiff's motion to reduce bond. In *Manuel v. Lehmberg*, 690 F. App'x 245, 246 (5th Cir. 2017), the court held that the prosecutor was immune from the plaintiff's allegation that prosecutor "set an excessively high bond to ensure" that the plaintiff remained in prison. See *Slavin v. Curry*, 574 F.2d 1256, 1264 (5th Cir. 1978) (finding a prosecutor immune where the plaintiff alleged that the prosecutor moved to cancel the plaintiff's bond), <u>overruled on other grounds by</u> *Sparks v. Duval Cty. Ranch Co.*, 604 F.2d 976 (5th Cir. 1979); see also *Sosa v. Strain*, 2007 WL 1521441, at *6 (E.D. La. May 22, 2007) ("If plaintiff believed that his bond was improperly revoked or forfeited, his recourse was to challenge the pertinent ruling in the state's appellate courts, not to sue the prosecuting attorney in a federal civil rights action.").

Under Plaintiff's allegations, Jones and Belton acted only in the course of their roles as advocates for the State. Accordingly, the Court should dismiss these claims as frivolous and because Plaintiff seeks monetary relief from defendants immune from such relief.[3]

### 3. Entities Unamenable to Suit

Plaintiff seeks relief from the Third Judicial District Court and the LPDC. Federal Rule of Civil Procedure 17(b)(3) provides that the "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ." Under Louisiana law, an entity must qualify as a "juridical person," which is "an entity to which the law attributes personality, such as a corporation or partnership." LA. CIV. CODE art. 24.

Here, the Third Judicial District Court[4] and the LPDC do not qualify as juridical persons. Accordingly, the Court should dismiss Plaintiff's claims these entities.

### 4. Attorney Kia Richardson

Plaintiff seeks relief from his counsel, Kia Richardson. To state a claim under Section 1983, a plaintiff must allege that a defendant acted "under color" of state law. 42 U.S.C. § 1983.

---

[3] Plaintiff suggests that Jones and Belton are colluding with his counsel. This conclusory conspiracy allegation does not pierce defendants' immunity. *Brown v. Dove*, 519 F. App'x 237, 237–38 (5th Cir. 2013) ("Brown's conclusory allegations of conspiracy and malicious prosecution do not pierce that immunity."); *Ashelman v. Pope,* 793 F.2d 1072, 1078 (9th Cir. 1986) (en banc) ("[A] conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors.") (cited as support in *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994)).

[4] See *Griffith v. Louisiana*, 808 F. Supp. 2d 926, 934 (E.D. La. 2011) ("[A] Louisiana state court does not qualify as a juridical person and thus lacks the capacity to be sued."); *Swift v. Juvenile Court*, 2009-1182 (La. App. 3 Cir. 3/10/10), 2010 WL 786031 (finding "that the law does not grant a juvenile court the procedural capacity to sue or be sued."); *Durden v. Bryson*, 2017 WL 4855437, at *2 (W.D. La. Sept. 26, 2017), report and recommendation adopted, 2017 WL 4847783 (W.D. La. Oct. 25, 2017); *Chisom v. Edwards*, 2012 WL 13005340, at *7-9 (E.D. La. Aug. 6, 2012).

"Anyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). "Fair attribution" means: (1) "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible"; and (2) "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar*, 457 U.S. at 937. Of import, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981).

Here, Defendant Richardson did not act under color of state law. See *Ellison v. De La Rosa*, 685 F.2d 959, 960 (5th Cir. 1982) (finding, where the plaintiff alleged that his counsel was ineffective "for allowing two fundamentally defective indictments to be prosecuted against him," that counsel was performing a lawyer's traditional function); *Amir-Sharif v. Dallas Cty. Pub. Defs. Office*, 233 F. App'x 364, 365 (5th Cir. 2007) (finding, where a plaintiff was concerned with the "quality of legal assistance being provided to him by appointed counsel and the public defender[,]" that "the attorney defendants . . . are not state actors for § 1983 purposes."); *Linn v. Saitin*, 575 F. App'x 531, 532 (5th Cir. 2014) (affirming, where the plaintiff alleged that a public defender and her supervisor rendered ineffective assistance, that the defendants were not state actors).[5]

---

[5] See also *O'Brien v. Colbath*, 465 F.2d 358 (5th Cir. 1972) (holding that the ineffective assistance of a public defender in a criminal case does not raise a claim cognizable under Section 1983 because no "state action" is involved and because Section 1983 was not intended as a "vehicle for prosecuting malpractice suits against court-appointed attorneys."); *U.S. ex rel. Simmons v. Zibilich*, 542 F.2d 259, 261 (5th Cir. 1976) ("The court-appointed attorney, like any retained counsel, serves his client. He represents the client, not the state. The ancillary facts that the court has a hand in providing counsel, and that the attorney selection board in Orleans Parish

Plaintiff suggests that Richardson is conspiring with the prosecution and his alleged victim's counsel (presumably, his alleged victim's criminal defense counsel). He alleges: "I am led to believe that she may have shared information concerning my case with the prosecuting attorney which is her boss." [doc. # 1-2, p. 2]. He adds: "I . . . believe that my counsel Kia Richardson works for the indigent defender board and the head of the indigent defender board is said victim counsel, which I think that my counsel may be sharing information with victim's lawyer in order to get a conviction out of me which violates my right to due process of law . . . [sic]." [doc. # 7, p. 1].

These conclusory allegations are insufficient to classify Richardson as a state actor. Plaintiff describes his counsel's alleged associations rather than plausibly alleging an actual conspiracy. He does not describe an agreement or concerted action to commit an illegal act. See *Mills*, 837 F.2d at 677 (finding, where the plaintiff conclusorily alleged that his "court-appointed attorney conspired with the judge and prosecutor when the attorney agreed to proceed upon an altered indictment, when he gave Mills erroneous legal advice and when he refused to provide Mills with an opportunity to examine personally certain exculpatory evidence[,]" that the allegations reflected "independent judgments and actions of the private attorney in the course of representing the defendant during trial.").[6]

---

obtains its authority from statute, do not alter the attorney-client relationship. That relationship is our concern here. Accordingly, the district court correctly disallowed any [Section] 1983 claim raised by Plaintiff-Appellant, since the situation presents no state action.").

[6] See also *Linn*, 575 F. App'x at 532 (rejecting the plaintiff's argument that his counsel acted in concert with the prosecution because the plaintiff "made only generalized allegations of concerted action, which [were] insufficient to establish the existence of a conspiracy."); *Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir. 1985) (a plaintiff's "mere characterization" of a defendant's conduct "as conspiratorial or unlawful [does] not set out allegations upon which relief can be granted."); *Miller v. Graham*, 447 F. App'x 549, 551 (5th Cir. 2011) ("Miller has

Even assuming, for the sake of argument, that Richardson acted under color of state law, the undersigned would recommend staying Plaintiff's claim under *Wallace v. Kato*, 549 U.S. 384 (2007), and *Heck v. Humphrey*. See *Williams v. Eastland*, 54 F. App'x 795 (5th Cir. 2002) ("Because Williams' claims are based on his attorney's alleged ineffective assistance, they are barred by *Heck* because he has not shown that his conviction has been reversed, expunged, invalidated, or otherwise called into question."); *Lawson v. Speetjens*, 42 F.3d 642 (5th Cir. 1994) ("Lawson specifically alleged that public defender Fortner and state prosecutor Speetjens worked together to help convict Lawson. Nevertheless, the claim of conspiracy falls within the ambit of *Heck*, and as such, we affirm the district court's dismissal of the claim, although we do so on different grounds.").

The Court should dismiss Plaintiff's claims against Richardson.

## **Recommendation**

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Dedevaion Gray's claims be **DISMISSED** as frivolous, for failing to state claims on which relief may be granted, and for seeking monetary relief from defendants immune from such relief.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**

---

presented no specific facts showing an agreement between the private defendants and any state actor in this case.").

10

**proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 11th day of August, 2020.

_____
Karen L. Hayes
United States Magistrate Judge